United States District Court
Southern District of Texas
**ENTERED**
March 27, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOLDERICK WOODS, | § | |
| TDCJ #2351011, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-23-1643 |
| v. | § | |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Bolderick Woods (TDCJ #2351011), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that he was denied adequate medical care while confined in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has also filed Plaintiff['s] More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 13), which provides additional details about his claims. Because Woods is incarcerated, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss the case if it determines that the action is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  **Background**

When Woods filed his Complaint he was incarcerated by TDCJ at the Wynne Unit in Huntsville.[1]  Since June 6, 2023, he has been confined at the Hamilton Unit.[2]  Woods sues the following defendants for violations of his civil rights:  (1) TDCJ; (2) TDCJ Executive Director Bryan Collier; (3) Warden R. Bowers; (4) University of Texas Medical Branch - Correctional Managed Health Care ("UTMB-CMHC"); and (5) the State of Texas.[3]

Woods explains that he was diagnosed with Type II diabetes in 2019.[4]  Woods reports that he receives twice daily insulin injections, one in the morning and one in the evening, to treat this condition.[5]  Woods alleges that he was hospitalized from January 31, 2023, to February 5, 2023,[6] because he missed several doses of insulin.[7]  Woods estimates that he did not receive his insulin injections for three or four days between November of 2022

---

[1]Complaint, Docket Entry No. 1, p. 3.  For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Plaintiff's MDS, Docket Entry No. 13, p. 1 (Response to Question 3).

[3]Complaint, Docket Entry No. 1, p. 3.

[4]Plaintiff's MDS, Docket Entry No. 13, p. 2 (Responses to Questions 4(a), (c), and (d)).

[5]Id. at 4 (Response to Question 7).

[6]Id. at 5 (Response to Question 8(a)).

[7]Id. at 2 (Response to Question 5).

and February of 2023, missing a total of six to eight doses.[8] According to a grievance attached to the Complaint, Woods missed these doses while he was assigned to the Wynne Unit Trusty Camp.[9] He reportedly suffered dry mouth, dizziness, vomiting, upset stomach, and a loss of "body function" when his blood sugar level reached 580.[10] He was placed on a "Breathing Machine" with a diagnosis of "Hyperglycemia" and was treated with IV medicine.[11]

Woods accuses the defendants of "medical neglect" for failing to provide him with adequate care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[12] He seeks "$100 million" in damages from each defendant for the violation of his civil rights.[13]

## II. Standard of Review

The PLRA requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct.

---

[8] Id. at 3 (Response to Question 6(e)).

[9] Step 1 Offender Grievance Form, Grievance #2023067680, attached to Complaint, Docket Entry No. 1, p. 6.

[10] Plaintiff's MDS, Docket Entry No. 13, p. 3 (Responses to Questions 6(b) and (c)).

[11] Id. at 5 (Responses to Questions 8(c) and (d)).

[12] Complaint, Docket Entry No. 1, p. 3.

[13] Id. at 4.

1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted). In conducting this review the court is mindful that the plaintiff's pro se pleadings are subject to a less stringent standard than

those drafted by lawyers.  See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]"  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted).  If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.  Id. at 1974.  A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'"  Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).  But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions."  Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 307 (5th Cir. 2021) (same).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

**A.  Claims Against the State of Texas, TDCJ, and UTMB-CMHC**

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his own state, including a state agency.  See Will v. Michigan Dep't of State

Police, 109 S. Ct. 2304, 2309 (1989); <u>Daniel v. University of Texas Southwestern Medical Center</u>, 960 F.3d 253, 256 (5th Cir. 2020) ("Pursuant to the Eleventh Amendment, a state's sovereign immunity in federal court extends to private suits against state agencies, state departments, and other arms of the state.") (citations omitted). Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. <u>See NiGen Biotech, L.L.C. v. Paxton</u>, 804 F.3d 389, 394 (5th Cir. 2015) (citing <u>Quern v. Jordan</u>, 99 S. Ct. 1139, 1145 (1979)). As a result, Woods' suit against the State of Texas must be dismissed as barred by Eleventh Amendment.

Likewise, TDCJ and UTMB-CMHC, which is part of UTMB, are state agencies that are immune from a civil-rights suit in federal court. <u>See Loya v. Texas Department of Corrections</u>, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit."); <u>Lewis v. University of Texas Medical Branch at Galveston</u>, 665 F.3d 625, 630 (5th Cir. 2011) (per curiam) (concluding that UTMB is a state agency entitled to Eleventh Amendment immunity from suit). Accordingly, Woods' claims against TDCJ and UTMB-CMHC also must be dismissed.

**B.   The Claims Against Collier and Bowers**

Woods sues Executive Director Collier and Warden Bowers for failing to adequately train and supervise medical staff at the

Wynne Unit.[14]  To prevail on a failure-to-train claim under § 1983, a plaintiff must demonstrate that:  "'(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'"  Goodman v. Harris County, 571 F.3d 388, 395 (5th Cir. 2009); Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F. 3d 375, 381 (5th Cir. 2005).  "In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective."  Trammell v. Fruge, 868 F.3d 332, 345 (5th Cir. 2017) (internal quotation marks and citation omitted).  Additionally, to show that the failure to train amounted to deliberate indifference by the defendant, a plaintiff "usually must demonstrate a pattern of violations," rather than a single incident.  Id. (internal quotation marks and citation omitted).

Woods does not allege facts showing that Executive Director Collier or Warden Bowers had any involvement with his medical care or that either official was responsible for training medical providers.  Likewise, he does not allege facts describing how any particular training program was defective.  A defendant cannot be

---

[14]Plaintiff's MDS, Docket Entry No. 13, p. 6 (Response to Question 9(a)).

held liable based on general allegations that an injury could have been prevented if employees had received better or additional training. See Roberts v. City of Shreveport, 397 F.3d 287, 293 (5th Cir. 2005). Absent a showing that his constitutional rights were violated as the result of a defective training program implemented by Executive Director Collier or Warden Bowers,[15] Woods does not state a viable claim under § 1983. See Trammell, 868 F.3d at 345. Accordingly, the claims against Executive Director Collier and Warden Bowers will be dismissed. Because Woods has not articulated a valid claim, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b).

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Bolderick Woods (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

---

[15] Woods' allegations of "medical neglect" do not rise to the level of a constitutional violation of the Eighth Amendment. The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Allegations of negligence or malpractice do not constitute the requisite deliberate indifference. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); see also Delaughter v. Woodall, 909 F.3d 130, 136 (5th Cir. 2018) (claims based on unsuccessful medical treatment, negligence, or medical malpractice are insufficient to show deliberate indifference). For this additional reason, Woods has failed to state a claim for which relief may be granted under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this the 27th day of March, 2024.

------------------------------
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE